OHIO SAVINGS BANK & TRUST CO. v. IDA E. STRAUSZ ET AL.

1. VOLUNTARY DISMISSAL OF FORECLOSURE PROCEEDINGS BY FIRST MORTGAGEE DOES NOT OUST JURISDICTION TO GRANT RELIEF TO SUBSEQUENT MORTGAGEE.

   The voluntary dismissal of a cause of action by a plaintiff mortgagee asking to have its mortgage foreclosed will not oust the jurisdiction of an equity court to grant relief to a second mortgagee of part of the land, asking to have the cloud of the first mortgage removed by a sale in parcels.

2. SECOND MORTGAGEE MAY MAINTAIN ACTION TO FORECLOSE MORTGAGE WITHOUT PAYING CLAIM OF PRIOR MORTGAGEE.

   A second or junior mortgagee may maintain an action to foreclose his mortgage, without first paying off the debt of the first mortgage.

3. JUNIOR MORTGAGEE BROUGHT IN BY FIRST MORTGAGEE GRANTED RELIEF ON CROSS PETITION NOTWITHSTANDING DISMISSAL OF SUIT BY PRIOR MORTGAGEE.

   A second mortgagee who has been brought into a foreclosure suit by a first mortgagee, may be granted relief upon a cross peti-

Trust Co. v. Strausz.

tion to have the cloud of the first mortgage removed from the property, even though the first mortgagee voluntarily dismisses his cause of action, and a third party who has purchased the equity of redemption desires to have the first mortgage remain upon the property.

[Syllabus by the court.]

APPEAL from common pleas court.

*Charles K. Friedman,* for the Ohio Savings Bank & Trust Co. and Willard F. Robison.

*Orville S. Brumback,* for the Mutual Aid Building & Loan Co.

**WILDMAN, J.**

This case has been submitted to us on the demurrers of the plaintiff, the Ohio Savings Bank & Trust Company, and Willard F. Robison, to the amended and supplemental cross petition of the Mutual Aid Building & Loan Company.

The original action was a suit by the Ohio Savings Bank & Trust Company to foreclose a mortgage which it held on certain property owned by Ida E. Strausz and her husband.

The Mutual Aid Building & Loan Company was made a party, having a supposed interest in the property, and on June 3, 1910, filed a pleading in the case. The case on motion of plaintiff company was ordered dismissed by the court without prejudice.

The Mutual Aid Building & Loan Company excepted to this order, and thereafter attempted to proceed with its claims as to the property in controversy.

It seems, without a full review of the circumstances (which are somewhat complicated) out of which this litigation has grown, that the Mutual Aid Building & Loan Company had at one time itself a junior mortgage upon the property of the Strauszs, which mortgage covered a small part of the same property that is described in the petition of the plaintiff company, and which required some corrective instrument or instruments to be made by the Strauszs to the Mutual Aid Building & Loan Company to make this apparent. This was done and ultimately the Mutual Aid Building & Loan Company ob-

tained title to the same property subject to whatever interest the plaintiff company, the Ohio Savings Bank & Trust Company, had by virtue of its prior encumbrance.

In the pleading first filed by the Mutual Aid Building & Loan Company it asked for the protection of its interests by a prayer which seeks to compel the Ohio Savings Bank & Trust Company to make sale of the property in parcels so as to subject first to the lien of its encumbrance the property not covered by the mortgage of the Mutual Aid Building & Loan Company, and to which the Mutual Aid Building & Loan Company ultimately obtained title.

The prayer was that the court would determine the validity of the notes and mortgages set forth in the petition, and if same should be found a valid and subsisting lien against the property owned by the Mutual Aid Building & Loan Company, that the property described in the petition might be ordered sold in parcels.

It prayed also for all relief to which in equity and good conscience the defendant company was entitled.

After the dismissal of the Ohio Savings Bank & Trust Company from the case, a so-called amended and supplemental petition was filed by the Mutual Aid Building & Loan Company, in which they alleged that the Strauszs had made conveyance to Willard F. Robison and had him brought in as a party, and alleged further in its pleadings that there was a conspiracy between Robison, who was an officer of the plaintiff company, and the plaintiff company, to defeat the claims of the Mutual Aid Building & Loan Company by the dismissal of the plaintiff company out of the case and preventing the Mutual Aid Company from litigating its claims therein.

Motion was made to strike the amended and supplemental petition from the files, both by the Ohio Savings Bank & Trust Company and by Willard F. Robison, and these motions were by the court overruled.

Demurrers were also filed by both plaintiff company and Willard F. Robison and subsequently withdrawn, and after-

Trust Co. v. Strausz.

wards demurrers were again filed and heard and sustained by the court. The Mutual Aid Building & Loan Company, not desiring to plead further, its claims were dismissed by final judgment and order.

From these proceedings and final judgment, an appeal was taken to our court, and the case is presented to us upon the demurrers of the Ohio Savings Bank & Trust Company and Willard F. Robison to the claims asserted by the Mutual Aid Building & Loan Company.

It is insisted that after the dismissal of the plaintiff's case there was no proceeding remaining in court in which the defendant company could have its rights litigated, and it is insisted by Willard F. Robison that he is not properly brought into the case under the circumstances, and that the court has no jurisdiction to render judgment against him; and I suppose the plaintiff company is asserting substantially the same thing, that there is no jurisdiction now in court to grant the asked for relief, or any relief, to the Mutual Aid Building & Loan Company.

Without dwelling too long on the question of jurisdiction, it suffices to say that we are of the view that the Mutual Aid Building & Loan Company after having been brought into court by the suit of the Ohio Savings Bank & Trust Company had the right to file its cross petition as to matters touching claims in the plaintiff's petition, and ask the relief which it did ask.

In other words, when a first mortgagee brings suit to foreclose his mortgage, a subsequent mortgagee may properly ask, if the mortgage is on part of the same property, that the land be sold in parcels in such a way as first to subject that property which is not covered by the second mortgage, on the principle of equity that where one creditor has recourse to two funds, although his equity be prior, he must exhaust the fund upon which he has the exclusive right, so as not to prejudice the equity or right which is held by the other party.

As to Willard F. Robison, by invoking the jurisdiction of the court in his motion and demurrer, he gave the court full

jurisdiction of his person. I will not stop to cite authorities. We think that under the law in Ohio it is quite clear that Willard F. Robison got himself into court, so that if the court had no original jurisdiction to entertain a suit of the Mutual Aid Building and Loan Company to quiet its title as against Willard F. Robison, or indeed, as against the Ohio Savings Bank & Trust Company, yet after the Mutual Aid Building & Loan Company was brought in as a defendant, and the court acquired original jurisdiction of the subject-matter to determine the right of the parties in such an action, the court below had jurisdiction to go on and determine the case, and that the filing of the demurrers by the Ohio Savings Bank & Trust Company and Willard F. Robison to the subsequent pleading of the Mutual Aid Building & Loan Company substantially kept all the parties in court, and gave the court jurisdiction to determine the matters in controversy.

. One of the questions involved in this case we have had a good deal of trouble in determining, viz.: whether a person who has become the owner of property, a part of which is covered by a mortgage, which the mortgagee does not desire at present to foreclose but which has become absolute, can compel its foreclosure so as to prevent the lien from remaining upon his property for an indefinite time, perhaps in the end growing by reason of accrued interest to such an amount as to endanger the property of the person who has become the owner, when otherwise it would be saved, and also at all times preventing his sale of the property by reason of the cloud upon it. The assertion is made in this supplemental and amended cross petition, that this mortgage of the Ohio Savings Bank & Trust Company is a cloud upon the title which the Mutual Aid Building & Loan Company has obtained from the Strauszs, and that the claim made by W. F. Robison by virtue of his deed from the Strauszs is also a cloud, and the Mutual Aid Company is endeavoring to have these clouds removed so that it may be in shape to give a perfect title to a purchaser in case it desires to sell.

We think the Mutual Aid Building & Loan Company is

Trust Co. v. Strausz.

right in its contention that it may compel foreclosure of the mortgage which covers a part of its property and have a sale of the property covered by the Ohio Savings Bank & Trust Company mortgage in parcels, so as to protect the interests of the Mutual Aid Building & Loan Company. If it is right in that contention at all, it may do so in this suit.

After a great deal of doubt in the courts of this state for many years, it has been settled conclusively that a junior mortgagee may bring a suit to foreclose even if the land has been sold upon the suit of a first mortgagee and has gone into the hands of the purchaser at a judicial sale. The junior mortgagee is not now, under the decisions in Ohio, compelled to redeem from the first mortgage by paying off the debt secured thereby; he is not compelled either to redeem, or bring suit to procure redemption. He may bring a suit asking to foreclose his mortgage, making the mortgagor and prior mortgagee parties so that the rights of such first mortgagee may be asserted.

Bearing upon these questions I will cite one of the cases in Ohio, the case of *Holliger* v. *Bates,* 43 Ohio St. 437 [2 N. E. Rep. 841]. I read from the first and second paragraphs of the syllabus:

"Where a senior mortgagee forecloses his mortgage, and sells the property, without making a junior mortgagee a party, or giving him notice, the purchaser at such judicial sale, whether it be the senior mortgagee or a stranger, acquires his title subject to the right of redemption by the junior mortgagee, and the same rule applies where the junior mortgagee has assigned all his interest in the mortgage, and the notes secured thereby to a third person who is not a party and is without notice of such proceedings and sale.

"In such a case, the owner of the notes and junior mortgage, not being a party to said proceedings to foreclose and sell, is not affected thereby, and may maintain an action against such purchaser to foreclose his mortgage."

Now, as I stated, for many years it was contended that the only right of a junior encumbrancer was to compel re-

18 O. C. C. Vol. 32.

Lucas County.

demption; that is, to compel the acceptance of his offer to redeem. He could, if the first mortgagee refused to accept from him the amount of the indebtedness, bring proceedings in equity to compel such an acceptance.

I remember while at the bar many years ago of being an attorney in a case where this question was raised, that there was no power except to redeem the property from the prior mortgagee; the court, however, held otherwise and subsequently the Supreme Court made holding in *Stewart* v. *Railway*, 53 Ohio St. 151, 168 [41 N. E. Rep. 247; 29 L. R. A. 438], expressing the same rule as expressed in *Holliger* v. *Bates, supra.* So that it was established in Ohio, and has been repeatedly held since, that the junior mortgagee has the power to foreclose, which is not affected even by the sale of the property under the prior mortgage.

Now, if the Mutual Aid Building & Loan Company were still mortgagee and were asserting its right to foreclose, there would be no question of its power to do so. There is, however, a dictum by Chief Justice Day in the case of *Stewart* v. *Johnson*, 30 Ohio St. 24, 31, in which he says as matter which he seems to take for granted, that while the mortgagee could do that, a person who gets his title from a second mortgagee cannot do anything of the kind. That is, that the power to foreclose a mortgage resides only in the person who holds the mortgage, and an owner of the property has no power except to redeem; but this question was not involved in the case in which the opinion was announced by Judge Day, and we think that the rule is inequitable when applied to a case like the one at bar, and also in conflict with an earlier decision of the Supreme Court which seems to have been overlooked, or if not overlooked no mention of it is made in that case, *viz*:

The *Miami Exporting Co.* v. *Bank*, Wri. 249. I read from two paragraphs of the syllabus.

It is said in paragraphs 9 and 11 that "Such purchaser, (that is, a purchaser who has acquired title to the property) as well as a subsequent mortgagee, has a right in equity to compel a prior mortgagee who has other security, to exhaust

the other security, before the resort to the fund on which they have a joint claim.''

It is held in the case that ''it is not essential that there should be an offer to redeem, or to pay the money into court. A prayer for general relief is sufficient. * * * If the other property is sufficient to pay the debt, and sometimes relief will be granted more extensive and beneficial than the prayer.''

I will not stop to read the case, but I think it applies to the case at bar, and there is a certain equity which commends itself to the conscience of the court in the application of this rule, since under the circumstances of this case no substantial prejudice will result to the plaintiff company by compelling it either to cancel its mortgage upon this small piece of land which is covered by the title of the Mutual Aid Building & Loan Company, or else to foreclose its mortgage and sell the property in parcels. This position is supported by *Miami Exporting Co.* v. *Bank, supra.*

Now, where the second mortgagee has, as is the undoubted law of Ohio, the right to foreclose his mortgage, not simply to redeem, it would seem that where a person has purchased his interest, in the subsequent protection of that interest so purchased, the purchaser should for the purpose of subrogation step into the shoes of the second mortgagee.

In this case it happens that the person who gets the title, the Mutual Aid Building & Loan Company, is the same person originally holding a mortgage. In other words, the title is given to the junior mortgagee, and it seems to be asserted here, or at least is a logical question, as to whether that power which existed in the junior mortgagee is lessened when the legal title for the security of the debt is added to the complete equity of redemption. It does not seem in equity he ought to have less power when he has taken, in addition to the interest he had as mortgagee, the interest of all that the grantors were able to convey. In other words, the condition of the mortgage was practically extinguished; it is no longer a mere mortgage, but is the absolute title.

In the case of *Frische* v. *Kramer,* 16 Ohio 125 [47

Lucas County.

Am. Dec. 368], I find on page 139 this language by Judge Hitchcock:

"And it seems clearly to the court, that when it is sold, the purchaser takes the interest, not only of the defendants in the case, but the interest of the mortgagee."

That is, in the case at bar the Mutual Aid Building & Loan Company acquired not only the interest of the Strauszs, but the interest of the mortgagee; and again quoting:

"So far as the land is concerned, he (it) is subrogated to all the rights of the mortgagee."

There are other cases in which this principle of subrogation is applied, cases that are quite similar in some respects to some of the conditions pertaining to this case. I will not stop further to consider them.

It does not seem to us that the Mutual Aid Building & Loan Company by its acceptance of title from the Strauszs parted with any right which it had to protect its interest by compelling the prior mortgagee to grant such relief as is sought here in the alternative. We think the court is not powerless to protect what seems so manifestly just a claim as that asserted by the Mutual Aid Building & Loan Company.

As to Robison: It is clearly asserted in this answer and supplemental pleading that he is conspiring with the Ohio Savings Bank & Trust Company to the injury of the Mutual Aid Building & Loan Company. All this is admitted by his demurrer. He not only admits that he is an officer of the Ohio Savings Bank & Trust Company, but he admits the conspiracy and purpose.

We think that these demurrers should be overruled, and such will be the judgment of the court.

**Kinkade** and **Richards, JJ.,** concur.